## CIRCUIT COURT OF LOUDOUN COUNTY

Pacific Century
Development & Realty, Inc.

v.

Wheatland Farms, L.L.C.,
and Neil Rackham

October 11, 2005

Case No. (Chancery) 25052

BY JUDGE THOMAS D. HORNE

On July 1, 2005, Complainant, Pacific Century Development and Realty, Inc., filed the instant Bill of Complaint seeking specific performance and damages against Wheatland Farms, L.L.C., and Neil Rackham. The action is predicated upon alleged defalcations by the respondents of their contractual obligations made in connection with the sale of certain real estate and a related wine business. Respondents have demurred to the Bill of Complaint.

In their demurrer, Respondents contest complainant's standing to seek the relief requested. Thus, they challenge the legal efficacy of the complaint by suggesting that it is barred by the doctrine *res judicata*, it misidentifies the contract purchaser, and it fails to set forth the fulfillment of various conditions precedent necessary to the Complainant's entitlement to relief.

The name of Pacific Century Development and Realty, Inc., is nowhere to be found in the contract documents attached to the Bill of Complaint upon which the Complainant relies in search of recovery against the defendants.

Those documents identify the purchaser as Pacific Century, Inc., a Hawaii Corporation, or Pacific Century, Inc., a Hawaii Corporation, Mr. Peter K. Kubota. Pacific Century, Inc., heretofore, initiated a claim based on the same contract documents as are at issue in this case. That case, Chancery No. 24785,

was terminated upon the motion of Pacific Century, Inc., to dismiss. Pacific Century, Inc., appeared, by counsel, to argue its continued involvement in this contract dispute. Defendants now rely upon the action of the Court in prohibiting the instant plaintiff from interceding or correcting an alleged "misnomer" to limit recovery in this case. Va. Code Ann. § 8.01-6. This position finds support neither in the law nor procedural history of the case.

The instant Complainant was never a party to that action. Pacific Century, Inc., a corporate entity, opposed the correction of the name of the complainant to conform to the theory relied upon by the complainant to justify relief in this case. Counsel, for reasons then stated to the record, did not wish to be entangled in a dispute over Virginia real estate and a related wine business. Since Pacific Century, Inc.'s name was included in the contract documents, their desire to clarify their absence of involvement is readily appreciated.

Whether the instant pleadings survive demurrer is controlled by familiar principles applicable to such pleading, that is, whether the claim finds support in the facts pleaded as well as those implied or necessarily inferred from the stated allegations. Moreover, the Court must give deferential treatment to the contract documents attached to the Bill of Complainant. *Ward's Equipment v. New Holland N. Am.*, 254 Va. 379 (1997).

Nowhere in the contract documents is the purchaser of either the real estate or wine business identified as Pacific Century Development & Realty, Inc. As noted earlier, the contract documents refer to a corporation that has, at its request, been dismissed from any further claims or responsibility in connection with the sale.

Central to Complainant's claim is that Pacific Century Development and Realty, Inc., Wheatland Farms, L.L.C., and Neil Rackham collectively intended that a corporate entity represented throughout the negotiations by its agent and signatory to the contract documents, Salvatore J. Cangiano, was the intended purchaser and that identifier used, that is, Pacific Century, Inc., was a shorthand reference. Thus, it is suggested that, while the name of the corporation was unartfully drafted, the misidentification was only *syllabis et verbis* and that Pacific Century Development and Realty, Inc., should be permitted to pursue its claim on the merits.

This position finds support in Virginia case law. Thus, " a misnomer in a corporate name does not invalidate a contract when it is clear what corporation the parties intended." *Latiaf v. Commercial Indus. Const., Inc.*, 223 Va. 59 (1982). This is true as in the instant case, even if the name used was the name of an existing corporation. *Id.* at 63 (footnote 1). The fact that the Complainant in this case asserts a misnomer in the underlying contract was never decided in the prior litigation. While the instant Complainant may have wished to substitute

itself as a party for Pacific Century, Inc., its motion was denied. Not being a party to that earlier case, Pacific Century Development and Realty, Inc., is not barred by the prior proceedings from pursuing a cause of action based upon theories of collateral estoppel or *res judicata*. Of this distinction it has been observed:

> Although a Corporation cannot sue but in its true name, contracts may be made by and with it, by a mistaken name, if the mistake be only in *syllabis et verbis*, and not *sensu et reipsa* and such a mistake may be averred in pleading or shown in evidence upon the general issue. *Culpeper Agriculture & Mfg. Soc. v. Digges*, 27 Va. (6 Rand.) 165, 167 (1828).

Thus, the law will give affect to an agreement where the intent of the parties is clear. The Court, on the instant record, cannot rule as a matter of law that Complainant's claim is barred. Whether the insertion of Pacific Century, Inc., in the contract documents was but a scrivener's error or a result from a purposeful act, negligence, sloppy drafting, or unilateral mistake is an issue that cannot be resolved on demurrer.

However, the Court finds that the failure to adequately plead satisfaction of conditions precedent contained in the contract documents subjects the instant complaint to impeachment by way of demurrer. *Lerner v. Gudelsky Co.*, 230 Va. 124 (1985); *Flippo v. F & L Land Co.*, 241 Va. 15 (1991). Moreover, to the extent that the complainant seeks reformation of the contract, the instant pleading is deficient in such attempt. Lastly, it is noted that a motion to amend has been filed but not acted upon.

The individual Respondent, Neil J. Rackham, has both incorporated the arguments of Wheatland Farms, L.L.C., as well as separately challenged Counts III and IV relating to the conveyance of a 50% ownership interest in Loudoun Valley Vineyard. The Court believes the demurrer to Counts III and IV should be sustained. Not only is the contract of sale of the real estate silent on the issue of the transfer of the interest in the vineyard, but, as pleaded, the presence of an integration clause in the real estate contract would undermine the legal sufficiency of the instant pleading. Additionally, the contract fails to state any consideration for the transfer of an interest in the wine business in connection with the sale of the real estate.

Accordingly, the Court will sustain the demurrer and grant to the Complainant twenty-one days to file an amended pleading should it be so advised.