# CIRCUIT COURT OF CULPEPER COUNTY

L. White & Co., Inc.

v.

Culpeper Memorial Hospital, Inc.

August 26, 2009

Case No. CL07003437

By Judge John G. Berry

This case is before the court on the Defendant's Motion to Dismiss or Stay Complaint filed on September 18, 2008. After the parties filed written arguments in support of their respective positions, the court heard argument on the motion on May 26, 2009. It then took the matter under advisement. The parties presented a notebook of documents at the hearing that are before the court by stipulation as a part of its consideration of the motion. The documents are comprised of (1) AIA Standard Form of Agreement; (2) AIA General Conditions; (3) the Defendant's Notice of Termination dated October 1, 2002; and (4) the Plaintiff's claim dated May 31, 2002.

In considering this motion to dismiss, the court has before it only the pleadings and stipulated documents listed above. While the court is required to accept as true all of the factual allegations in the Complaint and the reasonable inferences to be drawn from the facts alleged therein, factual assertions included in the Plaintiff's oral and written arguments which go beyond the complaint and the stipulated documents are not properly before the court for consideration.

Article 4 of the General Conditions, specifically Article 4.4.1, provides in no uncertain terms that consideration of the claim or claims now at issue first requires their referral to the Architect. The Architect then, as a *condition precedent*, must provide a decision or fail to do so within the time prescribed before litigation can be brought by the claimant. A careful review of the

Complaint and the stipulated exhibit 4, the Plaintiff's claim, fails to indicate any reference, directly or by reasonable inference, indicating that the claims described in the Complaint were ever submitted to the Architect for decision. It goes without saying that the court cannot, even at this stage of the proceeding, supply the necessary factual predicate by speculation.

The clear language of the parties' contract creates the condition precedent requiring the submission of these claims to the Architect before litigation is initiated by the complaining party. The failure to allege satisfaction of a condition precedent opens the Plaintiff's claim to attack on the pleadings. *see Lerner v. Gudelsky Co.*, 230 Va. 124, 334 S.E.2d 579 (1985); *Pacific Century Development & Realty v. Wheatland Farms, L.L.C.*, 69 Va. Cir. 134 (2005).

Accordingly, the Motion to Dismiss is granted on the basis indicated. In view of the court's decision on this issue, the court declines at this time to make any further ruling on the remaining aspects of the Defendant's motion. The Plaintiff is granted leave to file an amended complaint, if it be so advised, within twenty-one days from the date of the entry of the order implementing this ruling. In granting this leave, the court is mindful that the current motion is one made, effectively, on the pleadings, early in the litigation. The court notes the allegations made in the supporting argument (not in the Complaint and not considered in deciding the merits of this motion) filed by counsel for the Plaintiff that the claim was, in fact, submitted to the Architect.